UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA, | Case Nos. 23-cv-5457-PJH |
| Plaintiff, | 23-cv-5515-PJH |
| | 23-cv-5658-PJH |
| v. | 23-cv-5659-PJH |
| | 23-cv-5853-PJH |
| MONTEREY COUNTY SUPERIOR | 23-cv-5854-PJH |
| COURT et. al., | 23-cv-5855-PJH |
| Defendants. | 23-cv-5856-PJH |
| | 23-cv-5899-PJH |
| | 23-cv-5900-PJH |
| | 23-cv-5901-PJH |
| | 23-cv-5965-PJH |
| | 23-cv-5966-PJH |
| | 23-cv-5967-PJH |
| | 23-cv-5969-PJH |
| | 23-cv-6056-PJH |
| | 23-cv-6057-PJH |
| | 23-cv-6058-PJH |

**ORDER DISMISSING MULTIPLE CASES WITH PREJUDICE**

Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42 U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471 YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7.

Plaintiff presents nearly identical claims in these actions.  He names as defendants various state courts and judges.  He seeks relief regarding his underlying conviction or how his other cases were handled by the state and federal courts.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

2  he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is

3  "under imminent danger of serious physical injury" at the time he filed his complaint.  28

4  U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case

5  No. 13-0951 CW.

6  The allegations in these complaints do not show that plaintiff was in imminent

7  danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an

8  IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512

9  U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S.*

10  *District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*,

11  828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with

12  prejudice.

13  Furthermore, these are not cases in which the undersigned judge's impartiality

14  might be reasonably questioned due to the repetitive and frivolous nature of the filings.

15  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate

16  reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases

17  assigned to that judge).[1]

18  The clerk shall terminate all pending motions and close these cases.  The clerk

19  shall return, without filing, any further documents plaintiff submits in these closed cases.

20  **IT IS SO ORDERED.**

21  Dated: November 27, 2023

22

23         */s/ Phyllis J. Hamilton*

24  PHYLLIS J. HAMILTON
United States District Judge

25

26  _____

27  [1] Plaintiff names the undersigned as defendant in one of these cases and seeks recusal.
Case No. 23-cv-5965-PJH.  His arguments for recusal are meritless and the request is
denied in light of plaintiff's numerous similar filings for many years.  The court cannot
overturn plaintiff's conviction in a civil rights action.  The claims regarding plaintiff's
conviction are being litigated in his represented habeas case.

28

2